UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Adrian Marion Smith, #331894, | ) C/A No. 1:10-1757-MBS-JRM |
| Plaintiff, | ) |
| vs. | ) |
| Bridgestone North America Tire Operations, LLC; Ford Motor Company; Richardson, Patric, Westbrook, & Brickman, LLC, Law Firm; Attorney Terry E. Richardson, Jr.; Donnie Howard; Attorney Charles W. Patric, Jr.; Attorney Edward J. Westbrook; Attorney Michael J. Brickman, | ) **Report and Recommendation** |
| Defendants. | ) |

The Plaintiff, Adrian Marion Smith (Plaintiff), proceeding *pro se*, brings this civil action alleging multiple claims to include: wrongful death, product liability, breach of trust, breach of contract, and negligence. Plaintiff is an inmate at the Allendale Correctional Institution, and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke*, 490 U.S. 319; *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

Background

Plaintiff indicates that "Bridgestone North America Tire Operations LLC and Ford Motor company produced and sold a defective tire product that did cause the wrongfull [sic] death of [Plaintiff's] mother, Donna Rebbecca Howard and the malicious injuries of [Plaintiff's] little brother Nathan Maverick Krucina" on August 5, 2001. *See* Complaint, page 3. Plaintiff was a "juvenile prisoner during the time that the incedent [sic] occurred therefore the Defendants did cause cruel and unusual punishment to be inflicted upon the Plaintiff." *Id.*

The pleading states that Defendant Donnie Howard, Plaintiff's Uncle, "began a lawsuit against Bridgestone North America Tire Operations LLC and Ford Motor Company without the Plaintiff Adrian Marian Smith's knowledge or consent for the wrongful death of the [Plaintiff's] mother." *Id.* at 6. "Defendants Patric; Westbrook & Brickman, LLC Law Firm and Attorney Terry E. Richardson, Jr., [were hired] to represent the Defendant Donnie Howard in the lawsuit." *Id.* Plaintiff claims Defendant Howard, the named attorneys and the law firm "strategicly [sic] used

2

undue influence and ineffective assistance of counsel with a conflict of intrests [sic] to obtain the coerced Plaintiff Adrian Marion Smith's conscent [sic] to VOIDABLE CONTRACTS even though [Plaintiff] was suffering from emotional and mental distress." *Id.* Plaintiff states these Defendants' actions constitute a serious breach of contract and a serious breach of Plaintiff's trust associated with the litigation of Defendant Howard's wrongful death claim. *Id.* Plaintiff alleges that he was provided alcoholic beverages by Defendant Howard and then coerced to sign legal documents which he did not understand. *Id.* at 7-8. Thus, Plaintiff claims he was the victim of "undue influence" exerted by Defendant Howard and the named attorneys/law firm who are also alleged to have been "ineffective" in their assistance as counsel in the wrongful death action. *Id.* at 9. Plaintiff seeks monetary damages for the named Defendants' actions. *Id.* at 11-12.

It is noted that Plaintiff's pleading also alludes to his mail being seized and searched, a refusal to provide "postal services," "repugnant" conditions of confinement, and other issues associated with Plaintiff's ability to access the court. *Id.* at 4-5. It appears Plaintiff's reference to 39 U.S.C. § 101(a), defining the postal policy of the United States Postal Service, is associated with his problems in mailing and/or receiving documents at the correctional facility. However, Plaintiff fails to name any individual(s) responsible for these actions in the pleading.[1]

Discussion

---

[1] Plaintiff currently has a civil action pending in this Court, against several employees of the South Carolina Department of Corrections, which alleges similar problems with Plaintiff's incoming and outgoing mail. *See Adrian Marion Smith v. Warden John McCall, et al.*, Civil Action No. 3:09-2786-MBS-JRM (D.S.C.).

As an initial matter, Plaintiff has previously brought an action in this District Court involving many of the same Defendants, and asserting nearly identical allegations as the instant action. *See Adrian Marion Smith v. Bridgestone Firestone Tire Company, et al.*, Civil Action No. 1:08-3049-MBS (D.S.C.). A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992)(the district court had the right to take judicial notice of a prior related proceeding). *See also Fletcher v. Bryan*, 175 F.2d 716, 717 (4th Cir. 1949). This Court takes judicial notice of Civil Action No. (C/A No.) 1:08-3049-MBS (also referred to herein as "Plaintiff's prior case").

Plaintiff's prior case, which was received by the Court and docketed on September 3, 2008, named several of the same Defendants listed in the present action, to include Bridgestone Firestone Tire Company, Ford Motor Company, and Donnie Howard. As in the instant action, the complaint in Plaintiff's prior case alleged claims of wrongful death and breach of contract associated with litigation over the death of Plaintiff's Mother in 2001. Plaintiff's prior case, which also sought monetary damages, was dismissed without prejudice, prior to issuance and service of process, for lack of jurisdiction. *See Smith v. Bridgestone Firestone Tire Company,* C/A No. 1:08-3049-MBS-JRM, 2009 WL 425936 (D.S.C. Feb. 18, 2009). Plaintiff appealed the Court's dismissal of his claim to the Fourth Circuit Court of Appeals, which affirmed the Court's decision. *See Smith v. Bridgestone Firestone Tire Company*, No. 09-1222, 2009 WL 2233970 (4th Cir. July 27, 2009).

In the instant complaint, Plaintiff attempts to cure the defects in his prior case by citing various federal statutes and constitutional provisions. Specifically, Plaintiff relies on 42 U.S.C. §§ 1983, 1985 and the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680, to establish subject matter jurisdiction over the claims *sub judice*. However, as discussed below, Plaintiff's

4

reliance on the above cited federal statutes is insufficient to save the instant claims from summary dismissal.

First, in order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* "some person has deprived him of a federal right", and *(2)* "the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). *See also* 42 U.S.C. § 1983; *Monroe v. Pape*, 365 U.S. 167, 171 (1961). However, in the present action, the Defendants are clearly identified as either a private corporation or a private individual, to include several attorneys and Plaintiff's Uncle. However, the law is clear that an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel. *See Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980)(court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney). In the present case, Plaintiff names Defendants Terry E. Richardson, Jr., Charles W. Patric, Jr., Edward J. Westbrook, Michael J. Brickman, and their law firm, for actions taken while litigating a wrongful death claim for Defendant Howard. As such, the attorneys named in this action are not considered "state actors" amenable to suit under § 1983. Further, the pleading fails to provide any facts to demonstrate that Defendants Howard, Bridgestone North America Tire Operations, LLC, Ford Motor Company, or the private law firm, are employees of, or associated in any manner with, a state or governmental entity. As Plaintiff fails to provide factual information to establish state action by the Defendants, he fails to state a cognizable claim under § 1983. Thus, Plaintiff's claims, that the Defendants have subjected him to cruel and unusual punishment and have violated his due process and equal protection rights are subject to summary dismissal.

5

Next, Plaintiff alleges that the Defendants have violated 42 U.S.C. § 1985. To maintain an action under §1985(3), a plaintiff must satisfy four elements:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Griffin v. Breckenridge,* 403 U.S. 88, 102-103 (1971). The Supreme Court has further held that, in addition to the above criteria, a plaintiff must show that the alleged conspiracy is motivated by "some racial, or perhaps otherwise class-based invidiously discriminatory animus". *Id.* at 102. *See also Trerice v. Summons*, 755 F.2d 1081, 1084 (4th Cir. 1985). Although Plaintiff claims many of the Defendants used undue influence to force Plaintiff to sign a contract, he provides no information to demonstrate that the named Defendants were involved any type of conspiracy to deprive Plaintiff of his rights. In addition, Plaintiff also fails to indicate any discriminatory motive on the part of the Defendants. In fact, Plaintiff clearly alleges that the Defendants actions were motivated by greed. *See* Complaint, page 9. As Plaintiff's complaint fails to sufficiently allege a cause of action arising under 42 U.S.C. § 1985(3), his conspiracy claim must fail.

Furthermore, to the extent that Plaintiff's complaint attempts to state a claim under the Federal Tort Claims Act (FTCA), the case is also subject to summary dismissal. The FTCA gives the United States district courts:

> [E]xclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused

> by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.

28 U.S.C. § 1346(b)(1). As previously discussed, the Defendants named in this case are identified as private companies and individuals, and Plaintiff provides no factual information in the complaint to suggest that any of the named Defendants are governmental employees. Therefore, Plaintiff's claims regarding the Defendants' negligent or wrongful acts, while cognizable in State court, are not properly raised under the FTCA.

In addition to Plaintiff's attempt to invoke the subject matter jurisdiction of this Court under 28 U.S.C. § 1331, Plaintiff also cites to the diversity statute, 28 U.S.C. § 1332, in the complaint. However, as in Plaintiff's previous action, he fails to establish diversity jurisdiction over the instant claims. The diversity statute requires **complete** diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn. 13-16 (1978). There is no diversity jurisdiction over this case because, according to the information provided by Plaintiff, he and all but two of the Defendants are residents of South Carolina.[2]

---

[2] The Supreme Court has stated that "[i]t has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.'" *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004) (quoting *Mollan v. Torrance*, 9 Wheat 537, 539 (1824)). When one of the parties is incarcerated, the presumption is that the prisoner's domicile is the location where he was domiciled before his incarceration. See *Roberts v. Morchower*, 956 F.2d 1163 (4th Cir. 1992) (unpublished). This presumption can only be rebutted by statements in the complaint indicating a "bona fide intention to change [Plaintiff's] domicile to the place of his incarceration." *Jones v. Hadican*, 552 F.2d 249, 251 (8th Cir. 1977). In his complaint, Plaintiff indicates that he is currently confined in a South Carolina correctional facility. Plaintiff's previous case stated that he lived with Defendant Howard, who has a South Carolina address, prior to Plaintiff's present incarceration, and the instant action provides no indication that Plaintiff wishes to change the geographic location of his domicile.

Finally, it is noted that Plaintiff discusses one individual in the body of the complaint, Judge Thomas Murphy, who is not listed in the caption or "parties" section of the pleading.[3] Plaintiff's allegations against Judge Murphy stem from actions taken by this individual during hearings somehow associated with probate matters. *See* Complaint, pages 6, 8. However, to the extent Judge Murphy was acting as a judge at the time of his actions, he protected from a suit for damages by absolute judicial immunity. The Supreme Court of South Carolina, the Court of Appeals of South Carolina, Courts of General Sessions, Courts of Common Pleas, Family Courts, Probate Courts, Magistrate's Courts, and Municipal Courts are in a unified judicial system. *See* S.C. CONST. art. V, § 1 ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); *City of Pickens v. Schmitz*, 297 S.C. 253 (1989); *Cort Industries Corp. v. Swirl, Inc.*, 264 S.C. 142 (1975). As South Carolina judges are part of the State of South Carolina's unified judicial system, they have absolute immunity from a claim for damages arising out of their judicial actions. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987)(a suit against two Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). *See also Siegert v. Gilley*, 500 U.S. 226, 231 (1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability").

---

[3] The South Carolina Judicial Department's website indicates the Honorable Thomas P. Murphy is the Chief Judge over the Municipality of North Augusta, South Carolina. *See* http://www.judicial.state.sc.us/municipalCourt/munJudgeListPF.cfm.

Therefore, to the extent Plaintiff's complaint seeks monetary damages against Judge Murphy for actions taken during a hearing, the claim is subject to summary dismissal.

Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

August 13, 2010  
Columbia, South Carolina

Joseph R. McCrorey  
United States Magistrate Judge

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).