UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Adrian Marion Smith, #331894, | ) | C/A No.: 1:10-1757-MBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Bridgestone North America Tire | ) | |
| Operations, LLC; Ford Motor Company; | ) | |
| Richardson, Patric, Westbrook & Brickman, | ) | |
| LLC, Law Firm; Attorney Terry E. | ) | |
| Richardson, Jr.; Donnie Howard; Attorney | ) | |
| Charles W. Patric, Jr.; Attorney Edward J. | ) | |
| Westbrook; Attorney Michael J. | ) | |
| Brickman, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Adrian Marion Smith is an inmate in the custody of the South Carolina Department of Corrections (SCDC) who is currently housed at the Allendale Correctional Institution. On July 6, 2010, Plaintiff, proceeding *pro se*, filed this action *in forma pauperis* pursuant to 28 U.S.C. § 1915 alleging claims including: wrongful death, products liability, breach of trust, breach of contract, and negligence; as well as violations of federal law including: 42 U.S.C §§ 1983, 1985, and the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. On August 16, 2010, the Magistrate Judge filed a Report and Recommendation recommending that the case be summarily dismissed for lack of subject matter jurisdiction. On August 27, 2010, Plaintiff filed objections to the Report and Recommendation.

## <u>BACKGROUND</u>

In his complaint, Plaintiff alleges that Defendants Bridgestone North America Tire Operations, LLC ("Bridgestone") and Ford Motor Company ("Ford") are liable for the wrongful death of Plaintiff's mother, Donna Rebbecca Howard, and injuries to his younger brother, Nathan Maverick Krucina, as a result of a car accident because Bridgestone and Ford manufactured and sold a defective tire. Compl. at 3. Plaintiff alleges that at the time of the accident, his mother and brother were coming to visit him in juvenile detention for his birthday, and that his mother's death and his brother's injuries inflicted upon Plaintiff cruel and unusual punishment. *Id.*

Plaintiff states that his uncle, Donnie Howard ("Howard") filed a wrongful death suit against Bridgestone and Ford "without [Plaintiff's] knowledge or consent. . . ." Compl. at 6. Plaintiff further states that Howard hired the law firm of Richardson, Patrick, Westbrook, & Brickman, LLC to represent Howard in the lawsuit. Compl. at 6. Plaintiff alleges that Howard and the named attorneys and law firm, as well as a judge:

> strategically used undue influence and ineffective assistance of counsel with a conflict of interest [sic] to obtain the coerced Plaintiff Adrian Marion Smith's consent [sic] to VOIDABLE CONTRACTS even though the Plaintiff Adrian Marion Smith was suffering from emotion and mental distress and disability from the wrongfull [sic] death of the Plaintiff[']s mother. . . .

Compl. at 6. Plaintiff specifically alleges that Howard coerced Plaintiff into signing legal documents that he did not understand while he was out on bond by threatening to send Plaintiff back to prison and providing Plaintiff (a minor at the time) with alcoholic beverages. Compl. at 7-8. Plaintiff contends that the actions of Howard and the named attorneys constitute a serious breach of contract and a serious breach of trust because they inflicted undue influence upon Plaintiff and provided ineffective assistance of counsel. Compl. at 6. Plaintiff also contends that Judge Thomas P. Murphy

2

engaged in judicial misconduct during probate proceedings. Compl. at 8. Plaintiff seeks monetary damages totaling $8,353,000. Compl. at 11-12.

Plaintiff also contends that his mother's death certificate was mailed to him, but was seized by SCDC. Compl. at 4. Plaintiff further contends that SCDC staff have "repeatedly refused to provide [Plaintiff] with postal services" for his legal mail, affecting his ability to present this case. Compl. at 4-5. Plaintiff, however, does not name any of the individuals responsible for these actions as defendants in this case.[1]

The court notes that Plaintiff previously filed a case with this court stating substantially identical factual allegations and naming Bridgestone, Ford and Howard as defendants. *See Adrian Marion Smith v. Bridgestone Firestone Tire Company, et al.*, Civil Action No. 1:08-3049-MBS (D.S.C. 2008). District courts may take judicial notice of materials from prior proceedings when the two cases represent related litigation. *United States Fidelity & Guar. Co. v. Lawrenson*, 334 F.2d 464, 467 (4th Cir. 1964). The court takes judicial notice of Plaintiff's prior case, Civil Action No. 1:08–3049-MBS. Plaintiff's prior case was dismissed without prejudice and without issuance of service of process for lack of subject matter jurisdiction. *Smith v. Bridgestone Firestone Tire Co.*, C/A No. 1:08-3049-MBS-JRM, 2009 WL 425936, at *3 (D.S.C. February 18, 2009). Plaintiff appealed to the Fourth Circuit Court of Appeals, which affirmed the court's dismissal of Plaintiff's prior case. *Smith v. Bridgestone Firestone Tire Co.*, 328 F. App'x 874, 875 (4th Cir. 2009). Plaintiff then appealed to the United States Supreme Court, which denied certiorari and later denied a rehearing. *Smith v. Bridgestone Firestone Tire Co.*, 130 S.Ct. 1080 (Mem) (2010); *Smith v.*

---

[1]    As correctly noted by the Magistrate Judge, Plaintiff has a civil action pending in this court against several SCDC employees addressing the problems Plaintiff alleges with his mail. *See Adrian Marion Smith v. Warden John McCall, et al.*, Civil Action No. 3:09-2786-MBS-JRM (D.S.C. 2009).

*Bridgestone Firestone Tire Co.*, 130 S. Ct. 2143 (Mem) (2010).

**DISCUSSION**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.*

## I.     Alleged Bias of the Magistrate Judge

Plaintiff contends that the Magistrate Judge "created and decided an erroneous Report and Recommendation" and should recuse himself because the Magistrate Judge's decision is biased. Pl. Obj. at 1, 3. The court disagrees. A judge should recuse him or herself if the judge's "impartiality might reasonably be questioned." 28 U.S.C.A. § 455(a). In addition, a judge must disqualify him or herself "[w]here he has a personal bias . . . concerning a party. . . ." *Id.* § 455(b)(1). However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). The Fourth Circuit has ruled that "a presiding judge is not required to recuse [him or herself] because of 'unsupported, irrational or highly tenuous speculation.'" *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (citing *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998)). The test to be applied is "whether another with knowledge of all of the circumstances might reasonably question the judge's impartiality." *Id.* Plaintiff's allegation that the Magistrate Judge's ruling in this case is biased amounts to no more than

unsupported speculation. The court finds that a person with knowledge of all of the circumstances would not reasonably question the Magistrate Judge's impartiality.

## II.     Plaintiff's Demand for a Jury Trial

Plaintiff appears to contend that his demand for a jury trial pursuant to the Seventh Amendment of the United States Constitution overrules any lack of subject matter jurisdiction stating: "Because the Honorable Joseph R. McCrorey[,] United States Magistrate Judge and the United Stated District Court for the District of South Carolina is statutorily overruled by the Plaintiff Adrian Marion Smith and 7 Amendment of the United States Constitution. The Plaintiff Adrian Marion Smith has demanded a trial by jury." Pl. Obj. at 2; see also Pl. Obj. at 3. Plaintiff further contends that "precedents can be overruled; and the precedents should be overruled." *Id.* The court disagrees.

The Seventh Amendment of the United States Constitution preserves the right of a trial by jury in suits at common law. U.S. Const. amend VII. However, Plaintiff's demand for a jury trial is insufficient to confer subject matter jurisdiction on the court because a demand for a jury trial does not itself raise a federal question. *Nalls v. Countrywide Home Servs., LLC*, 279 F. App'x 824, 825 (11th Cir. 2008). Moreover, a jury "has no role with respect to dismissals for failure to state a claim or lack of subject matter jurisdiction." *Johnson v. United States*, 323 F. App'x 310 (5th Cir. 2009) (citing *Barrett v. Indep. Order of Foresters*, 625 F.2d 73, 75 (5th Cir. 1980). Thus, Plaintiff's right to a jury trial pursuant to the Seventh Amendment will not be infringed if his case is dismissed for lack of subject matter jurisdiction. *See also Bock v. Gavenus*, 108 F. App'x 91, 92 (4th Cir. 2004) (finding that a claim that the summary dismissal of two civil actions with prejudice violated the plaintiff's Seventh Amendment right to a trial by jury was without merit).

### III.    Constitutionality of the Prison Litigation Reform Act

Plaintiff also contends that the Prison Litigation Reform Act (PLRA) is unconstitutional. Pl. Obj. at 4. Plaintiff states that he "powerfully objects to the judiciary; judiciary [sic] procedure; and federal practice; and United State Magistrate Judge Honorable Joseph R. McCrorey that is enforcing unconstitutional acts of congress [sic]; the unconstitutional Prison Litigation Reform Act . . . ; and any unconstitutional equivalents." Pl. Obj. at 6. Plaintiff states that "[a] form of local practice may not defeat a federal right; this is especially true when a state procedural [sic] infringes upon the 7th Amendment right to jury trial." Compl. at 6. This argument, which is essentially a different iteration of the argument the court addressed above, is without merit.

The Magistrate Judge's recommendation of dismissal was based upon an initial review of Plaintiff's complaint under the *in forma pauperis* statute under the PLRA. *See* 28 U.S.C. § 1915(e)(2). Title 28, United States Code, Section 1915(e)(2)(b)(ii), which provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." *Id.* A dismissal under § 1915(e)(2)(b)(ii) for lack of subject matter jurisdiction does not violate a plaintiff's right to a jury trial. *See Chatman v. Allegheny County*, 278 F. App'x 163, 163 (3d Cir. 2008) (dismissing a claim under § 1915(e)(2)(B) and stating that the plaintiff was not entitled to a jury trial); *Webber v. Fed. Bureau of Prisons*, 200 F. App'x 335, 336 (5th Cir. 2006) (rejecting the argument that dismissal under § 1915(e)(2)(B) denied a plaintiff his right to a jury trial because the plaintiff had no absolute right to a jury trial and the district court was permitted to dismiss the action at any time upon finding that the action was frivolous or failed to state a claim); *Leogrande v. Sch. of Dental Med. et al.*, 111 F. App'x 633, 634 (2d Cir. 2004) (finding that because the district court's dismissal of an action under § 1915 was

proper, it did not deprive appellant of his right to a jury trial); *Bradshaw v. Jayaraman*, 205 F.3d 1339 (Table), 1999 WL 1206870, at *2 (6th Cir. 1999) (finding that a complaint was properly dismissed under § 1915(e)(2)(B) and that this dismissal did not violate the plaintiff's Seventh Amendment right to a jury trial); *see also Wearing v. Howard*, 108 F. App'x 806, 806 (4th Cir. 2004) (finding that the district court's dismissal under § 1915(e)(2) was proper and denying motion for a jury trial).

Plaintiff also objects to the fees related to the filing of his case contending that these fees, which he has incurred as debt by proceeding *in forma pauperis*, are unconstitutional and discriminate against prisoners. Pl. Obj. at 6. This argument is also without merit. The Fourth Circuit has rejected a constitutional challenge to the PLRA's requirement that prisoners pay a full filing fee even when they are permitted to proceed *in forma pauperis*. *Roller v. Gunn*, 107 F.3d 227, 233 (4th Cir. 1997). The *Roller* court stated:

> Requiring prisoners to make economic decisions about filing lawsuits does not deny access to the courts; it merely places the indigent prisoner in a position similar to that faced by those whose basic costs of living are not paid by the state. Those living outside of prisons cannot file a lawsuit every time they suffer a real or imagined slight. Instead, they must weigh the importance of redress before resorting to the legal system. If a prisoner determines that his funds are better spent on other items rather than filing a civil rights suit, 'he has demonstrated an implied evaluation of that suit' that the courts should be entitled to honor.

*Id.*

## IV. Subject Matter Jurisdiction

### A. Diversity Jurisdiction

Plaintiff appears to contend that the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because "the value in the amount of eight million three hundred fifty-three thousand dollar that is in contraversy [sic] by far exceeds the required value stated by the constitution [sic]."

Pl. Obj. at 2. The court disagrees.

Title 28, United States Code, Section 1331, provides that a federal court has jurisdiction over a case if the action consists of parties with diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. In order for the court to have diversity jurisdiction, there must be complete diversity. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978). While it is true that Plaintiff's complaint alleges an amount in controversy exceeding $75,000, this does not change the fact that complete diversity is lacking. Plaintiff and several of the defendants in this case reside in South Carolina. *See* Compl. at 2; *Smith*, 2009 WL 425936, at *2-3. Plaintiff does not deny that complete diversity is lacking. The court does not have diversity jurisdiction in this case.

B.      Federal Question Jurisdiction

Plaintiff contends that Defendants Bridgestone and Ford are corporations, and 28 U.S.C.A. § 2671 states that federal agencies include corporations, appearing to argue that because Bridgestone and Ford are corporations, they are state actors for the purposes of § 1983 and the FTCA such that Plaintiff has properly stated a federal question under these statutes to invoke the court's subject matter jurisdiction. This objection is without merit. Title 28, United States Code, Section 2671 clearly indicates that federal agencies may be corporations if they are "acting as instrumentalities or agencies of the United States." 28 U.S.C. § 2671. Plaintiff has alleged no facts indicating that either Bridgestone or Ford are "acting as instrumentalities or agencies of the United States." *Id.* The court does not have federal question jurisdiction in this case.

V.      **Other Objections**

Plaintiff makes several objections that are not relevant to the Magistrate Judge's recommendation to dismiss the case. The district court need not conduct a *de novo* review when a

8

party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982). These objections are the following:

- Plaintiff "powerfully objects [to] the entire Report and Recommendation" and goes on to list each and every page, footnote, and paragraph of the Report and Recommendation stating that he objects to these specifically identified sections of the Report and Recommendation. Pl. Obj. at 2.

- Plaintiff states that the Report and Recommendation is incorrect because Judge Thomas P. Murphy did not act as counsel as stated in the Report and Recommendation, but an unidentified judge did act as counsel. Pl. Obj. at 2.

- Plaintiff contends that the Magistrate Judge spelled Plaintiff's name incorrectly on page two of the Report and Recommendation. Pl. Obj. at 3.

These objections do not direct the court to a specific error that would affect the Magistrate Judge's recommendation to dismiss this case. Nevertheless, the court has conducted a *de novo* review of the case and concludes that the Magistrate Judge has correctly applied the applicable law.

## CONCLUSION

The court adopts the Report and Recommendation and incorporates it herein by reference. Plaintiff's complaint is summarily dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

s/ Margaret B. Seymour
The Honorable Margaret B. Seymour
United States District Judge

Columbia, South Carolina
October 14, 2010